IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARDINAL HEALTH 110, LLC, *et al.*,

            **Plaintiffs,**

     v.

HIGH MOUNTAIN HOME CARE, INC., *et al.*,

            **Defendants.**

    Case No. 2:26-cv-00196
    Judge Michael H. Watson
    Magistrate Judge S. Courter M. Shimeall

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Cardinal Health 110, LLC's and Cardinal Health 112, LLC's Motion for Leave to File Documents Under Seal. (ECF No. 22.) For the reasons that follow, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE to re-filing**.

**I.**

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp., Inc.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594 (citations and quotations omitted).

Generally "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus*

*Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at \*1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

II.

Plaintiffs seek to file under seal (1) relevant invoices and business records documenting unpaid balances, and (2) their counsel's itemized billing records.

### A.  Invoices and Business Records

Plaintiffs represent that the documents responsive to the Court's Order contain "confidential and proprietary information, including but not limited to pricing information" and trade secrets.  (ECF No. 22, at PAGEID #: 169, 171.)  The only specific information Plaintiffs provide, however, to support this contention is that the business records include "Plaintiffs' pricing for the pharmaceutical products it sold to Defendants."

As an initial matter, Plaintiffs have not sufficiently demonstrated that the business records contain trade secrets as defined under Ohio law.  *See Kondash*, 767 F. App'x at 638 (finding that the district court did not err in denying a motion to seal when the parties failed to demonstrate the records constituted trade secrets).

Nevertheless, a party can "establish that a compelling interest exists to protect confidential business information even if it is not a trade secret."  *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2022 WL 1080772, at \*3 (S.D. Ohio Apr. 11, 2022) (citing Kondash, 767 F. App'x at 638).  "But the burden is a heavy one."  *JobsOhio v. Nexient, LLC*, No. 2:24-CV-1445, 2024 WL 5365019, at \*3 (S.D. Ohio Oct. 22, 2024).  While information that others could use to gain a competitive advantage may warrant sealing, a moving party still "must show that disclosure would 'seriously harm its competitive standing.'"  *Ewalt,* 2022 WL 1080772, at \*3 (quoting *U.S. ex rel. Scott*, No. 3:18-cv-61, 2021 WL 4449277, at \*4 (W.D. Ky. Sept. 28, 2021)).  "Moreover,

3

even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *United States v. Hilton*, No. 25-5228/5835, 2026 U.S. App. LEXIS 5388, at *2 (6th Cir. Feb. 23, 2026) (citations and quotations omitted).

Here, Plaintiffs have not provided sufficient justification for wholesale redactions or filing the entire invoices and other business records under seal, without a corresponding narrowly tailored, redacted version to be filed. *See e.g. Sheetz, Inc. v. City of Centerville*, No. 3:24-cv-00059, 2025 WL 1413727, at *2 (S.D. Ohio May 15, 2025) ("Significantly, this Court held in a similar case that 'the Parties' desire to prevent competitors from gaining a competitive advantage' was a compelling reason to allow the *redaction* of 'confidential pricing information.'" (citations omitted) (emphasis added)); s*ee also Prof'l Investigating and Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (finding that sealing an entire exhibit was unnecessary when confidential business information could be redacted); *Cf. Total Quality Logistics, LLC v. Riffe,* No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding a sealing request to be narrowly tailored when the parties did "not seek to seal the contents of the documents at issue completely. . . . Thus, the seal [was] no broader than necessary to address the compelling reason for non-disclosure.").[1]

At this juncture, the Court finds that Plaintiffs have not met its high burden to demonstrate that this category of documents needs to be fully filed under seal.

---

[1] Further, although Plaintiffs represent in a footnote that redactions would be unduly burdensome, they fail to provide specific reasons why that would be the case, such as whether the information requiring redaction would be "too pervasive". *See e.g., Weekend Warrior Clothing, LLC v. Amazon.com Servs., LLC*, No. 1:23-CV-752, 2025 WL 3170862, at *4 (S.D. Ohio Nov. 13, 2025) (finding that defendant met its burden when non-public information was "too pervasive").

### B.  Attorney Billing Records

Plaintiffs next seek to file its counsel's billing records under seal because the "itemized billing records include narrative descriptions of legal services rendered, which are protected by the attorney-client privilege."  (ECF No. 22, at PAGEID #: 173.)

"Typically, the attorney-client privilege does not extend to billing records and expense reports.'"  *Huntington Nat'l Bank v. Secure Assets, Inc.*, No. 2:25-cv-689, 2026 WL 991367, at *2 (S.D. Ohio Apr. 13, 2026) (quoting *Ketter v. City of Newark Ohio*, No. 2:11-CV-00734, 2013 U.S. Dist. LEXIS 78270, 2013 WL 2424427, at *2 (S.D. Ohio June 4, 2013) (quoting *Evenflo Co. Inc. v. Hantec Agents Ltd.*, No. 3:05-CV-346, 2006 U.S. Dist. LEXIS 74684, 2006 WL 2945440 at *4 (S.D. Ohio Oct.13, 2006))).  "Invoices, however, that 'reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided are privileged.'" *Id.* (citations omitted) (finding that the plaintiff sufficiently demonstrated that the "description of the word performed" should be *redacted* from attorney billing records).  Here, without being able to review the billing narratives, the Court cannot discern whether they implicate attorney-client privilege.

Accordingly, Plaintiffs have failed to demonstrate that the attorney billing records need to be filed fully under seal.

### III.

In sum, Plaintiffs have failed to meet their high burden and demonstrate a compelling interest in sealing these documents that outweighs the public's interest, or that such a request is narrowly tailored.  Accordingly, Plaintiffs' Motion to File Under Seal is **DENIED WITHOUT PREJUDICE to refiling**.  Nevertheless, in recognizing that Plaintiffs' filing deadline is today, the Court will **GRANT** Plaintiffs *conditional leave* to file under seal.  Within **FOURTEEN DAYS**,

however, Plaintiffs must either: (1) file a renewed and well-supported motion to seal that comports with the *Shane Group* standard, or (2) file unredacted versions of the documents on the public docket.

      **IT IS SO ORDERED.**

                                  */s/ S. Courter M. Shimeall*
                                  **S. COURTER M. SHIMEALL**
                                  **UNITED STATES MAGISTRATE JUDGE**