**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CARDINAL HEALTH 110, LLC, *et al.*,**

**Plaintiffs,**

**v.**

**HIGH MOUNTAIN HOME CARE, INC., *et al.*,**

**Defendants.**

**Case No. 2:26-cv-00196**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Cardinal Health 110, LLC's and Cardinal Health 112, LLC's Renewed Motion for Leave to File Documents Under Seal. (ECF No. 25.) For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

### I.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp., Inc.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citations and quotations omitted).

Generally, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus*

*Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Plaintiffs' renewed motion has narrowed the scope of what they seek to file under seal. (ECF No 25.) First, instead of seeking wholesale filing under seal of the attorney billing records, they have provided redacted versions. Moreover, although Plaintiffs still seek to file the unpaid invoices under seal, they have provided additional details to sufficiently support the request.

**A. <u>Attorney Billing Records</u>**

In their renewed Motion, Plaintiffs have submitted redacted attorney billing records, rather than seeking to file them under seal in their entirety. (ECF No. 25, at PAGEID #: 186.) As the Court explained in its previous Order, attorney billing records can be redacted or sealed to the extent they implicate attorney-client privileged discussions, litigation strategy, or reveal the specific nature of the services being provided. (*See* ECF No. 23 (citing *Huntington Nat'l Bank v. Secure Assets, Inc.*, No. 2:25-cv-689, 2026 WL 991367, at *2 (S.D. Ohio Apr. 13, 2026) (further citations omitted).) Upon review of the attached redacted billing records (*see* Ex. A-1, ECF No. 25), the Court finds that Plaintiffs have struck the right balance. Plaintiffs are likewise granted leave to file unredacted versions of the billing records under seal.

**B. <u>Invoices and Business Records</u>**

Plaintiffs continue to seek permission to file over 4,900 unpaid invoices under seal, primarily because each invoice lists the products and prices of the products Defendant ordered. (ECF No. 25, at PAGEID #: 187.) Plaintiffs represent and aver that this pricing information is extremely sensitive and confidential and that they maintain a compelling interest in keeping such information protected. (*Id.* at PAGEID #: 187–90.) They further contend that public disclosure

of this pricing information could undermine business relationships and impede their ability to participate competitively to negotiate favorable terms in future business contracts. (*Id.* at PAGEID #: 189 (citing *Medpace, Inc. v. Avm Biotechnology, Inc., No.*, 2025 U.S. Dist. LEXIS 3714, *6-7 (S.D. Ohio Jan. 8, 2025); *Home Depot, Inc. v. Steadfast Ins. Co., No.*, 2022 U.S. Dist. LEXIS 186184, at *4-5 (S.D. Ohio Oct. 11, 2022) (further citations omitted).)

As to filing redacted versions instead, Plaintiffs contend this is an insufficient solution for two main reasons. First, even if pricing is redacted, there is a risk that competitors could reverse engineer the pricing based on the unredacted information that would still be accessible. (ECF No. 25, at PAGEID #: 189–90.) Second, Plaintiffs represent that it would be unduly burdensome to redact each product invoice, and, given the amount of invoices at issue, would cost roughly almost an additional $20,000 in labor costs to redact this information. (*Id.* at PAGEID #: 187–89.) In support of this, Plaintiffs provide an affidavit from Justin Joyce, who attests to the confidential nature of the pricing and the labor-intensive endeavor of redacting the same. (*See* ECF No. 25-1.)

Upon consideration, the Court finds Plaintiffs' renewed arguments here to be well-supported. Plaintiffs' have sufficiently demonstrated they have a compelling interest in maintaining the confidentiality of their proprietary business information contained in their invoices, that their compelling interest outweighs the public's interest in the information, and that a more narrowly tailored approach, in these circumstances, would not sufficiently protect its interests and would be extremely burdensome to accomplish.

Accordingly, Plaintiffs' request to file the invoices under seal is **GRANTED**.

**III.**

For the reasons stated herein, Plaintiffs' Renewed Motion for Leave to File Documents Under Seal (ECF No. 25) is **GRANTED**. Plaintiffs shall file the (1) unredacted attorney billing records and (2) the unpaid invoices under seal within **FOURTEEN DAYS**.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**